UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID S. GROSS,

    Plaintiff

v.

CHEMBIO DIAGNOSTICS, INC., et al.,

    Defendants

Case No.: 3:23-cv-00093-MMD-CSD

**Order**

Re: ECF Nos. 9, 10

    Before the court are Plaintiff's: (1) motion to serve defendant Katherine L. Davis by publication (ECF No. 9) and (2) motion to serve Defendants by social media (ECF No. 10).

## I. BACKGROUND

    On August 17, 2023, the court issued an order granting Plaintiff's application to proceed *in forma pauperis* (IFP), and allowed his complaint to proceed against Chembio Diagnostics, Inc., Katherine L. Davis, John G. Potthoff, David W.K. Acheson, David W. Bespalko, Richard L. Eberly, Leslie Teso-Licthman and Lawrence J. Steenvoorden. Summonses were issued for each defendant and Plaintiff was reminded that he must complete service in 90 days, or by November 15, 2023. (ECF Nos. 5, 7, 7-1 to 7-7.) On October 2, 2023, Plaintiff filed these two motions to serve defendant Katherine Davis by publication and to serve the Defendants via social media. (ECF Nos. 9, 10.)

## II. DISCUSSION

**A. Service Generally**

    When a case is proceeding in federal court, an individual is served by: (1) following state law for serving the summons in the state where the district court is located or where service is

made; (2) delivering the summons and complaint to the individual personally; (3) leaving a copy of summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy to an agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e).

A corporation is served in the same manner as an individual or by delivering a copy of the summons and complaint to an officer, managing or general agent or someone authorized to accept service of process (and by mail if an applicable statute so requires). Fed. R. Civ. P. 4(h).

**B. Service of Davis by Publication**

Plaintiff moves to serve defendant Katherine Davis by publication in The Indiana Star newspaper in Indiana. Plaintiff states he has made diligent efforts to locate the Defendants and serve them, but he has been unable to do so. He states that Katherine L. Davis was the Lieutenant Governor of Indiana from 2003-2005 and Controller of the City of Indianapolis from 2000-2003. In addition, he says that a LinkedIn profile for "kathydavis" indicates that she is the owner of Davis Design Group LLC in Indianapolis, Indiana. (ECF No. 9.)

Service by publication implicates a defendant's fundamental due process rights, and as a result, is generally disfavored. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 314 (citations omitted).

Indiana Trial Rules 4.5, 4.9(B)(3) and 4.13 allow for service by publication where a person who is a resident of Indiana "cannot be served personally or by agent in this state and either cannot be found, has concealed his whereabouts or has left the state[.]"

Under the Indiana rules—where Plaintiff seeks to serve Davis by publication— the party or counsel must submit "supporting affidavits that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state[.]" Indiana Trial Rule 4.13; *see also Gregory v. Koltz*, 204 N.E.3d 256, 270 (Ind. App. 2023) (citation omitted). "This is because the Due Process Clause requires that in order for constructive notice of a lawsuit to be sufficient, a party must exercise due diligence in attempting to locate a litigant's whereabouts." *Gregory*, 204 N.E.3d at 271 (citation and quotation marks omitted). "[M]inimal or perfunctory efforts to locate a party are insufficient to justify service by publication, and if initial attempts to locate or serve a party are fruitless, the circumstances may require more effort to locate the party instead of proceeding directly to service by publication." *Id*. (citation and quotation marks omitted).

The summons must be published in a newspaper in a "county where the complaint or action is filed, where the res is located, or where the defendant resides or where he was last known to reside." Indiana Trial Rule 4.13(C). Service of the summons by publication must be done by "the clerk, by a person appointed by the court for that purpose, or by the clerk or sheriff of another county where publication is to be made." Indiana Trial Rule 4.13(D).

Service of an individual under Nevada's rules is similar to Federal Rule of Civil Procedure 4(e). *See* Nev. R. Civ. P. 4.2(a). In Nevada, if a party demonstrates that those service methods are "impracticable, the court *may*, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method[,]" including service by publication when the defendant "cannot, after due diligence, be found." Nev. R. Civ. P. 4.4(b)(1), 4.4(c) (emphasis added).

A motion seeking an order for alternative service under the Nevada rules must provide affidavits, declarations or other evidence setting forth facts demonstrating: (1) the due diligence that was undertaken to locate and serve the defendant; (2) the efforts made to locate and serve the defendant; 3) the defendant's known or last known contact information as well as the dates the defendant resided at that location; and (4) confirmation the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found. Nev. R. Civ. P. 4.4(b)(2), 4.4(c)(2). The motion must state why service by publication comports with due process; include the proposed language of the summons to be used in the publication and the publication "should be reasonably calculated to give the defendant actual notice of the proceedings." Nev. R. Civ. P. 4(c)(4)(A).

Plaintiff's motion does not contain an affidavit or declaration setting forth specific facts regarding the efforts and due diligence undertaken to serve Ms. Davis. Plaintiff's general statement that he has been unable to serve the Defendants is insufficient. Nor is it clear at this point that The Indiana Star is published in the county where Davis resides or was last known to reside. Plaintiff indicates that she was a government official as far back as 2005, and that social media indicates that she has a business in Indiana, but he provides no information that reasonably indicates where Davis resides *currently* or in the recent past.

Plaintiff's motion does not meet the requirements for service by publication under either Indiana's or Nevada's rules. Therefore, Plaintiff's motion to serve Davis by publication (ECF No. 9) is denied.

**C. Service by Social Media**

Under Nevada law, if "a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion .. direct that service be

accomplished through any alternative service method." Nev. R. Civ. P. 4.4(b)(1). A motion seeking alternative service must "provide affidavits, declarations or other evidence setting forth *specific* facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant[.]" Nev. R. Civ. P. 4.4(b)(2)(A). In addition, the motion must state what proposed alternative service method is sought and why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B).

Again, Plaintiff has not demonstrated with specific facts that due diligence was undertaken to locate and serve each defendant. Nor has he provided each defendant's last known contact information or any specifics regarding how service by social media comports with due process. Therefore, Plaintiff's motion to serve Defendants by social media (ECF No. 10) is likewise denied.

### III. CONCLUSION

Plaintiff's motion to serve Davis by publication (ECF No. 9) and his motion to serve Defendants by social media (ECF No. 10) are **DENIED**. Plaintiff is reminded that he has until November 15, 2023, to serve each Defendant or this action will be dismissed without prejudice as to those unserved defendants. Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

Dated: October 5, 2023

_____
Craig S. Denney
United States Magistrate Judge