UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DAVID S. GROSS, | Case No. 3:23-cv-00093-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CHEMBIO DIAGNOSTICS, INC., *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

*Pro se* Plaintiff David S. Gross sued Defendants Chembio Diagnostics, Inc. (a company he invested in that makes tests for infectious diseases), along with Defendants Katherine L. Davis, John G. Potthoff, David W.K. Acheson, David W. Bespalko, Richard L. Eberly, Leslie Teso-Lichtman, and Lawrence J. Steenvoorden (Chembio executives and members of Chembio's board) for allegedly violating federal securities laws in connection with a tender offer and related merger through which Chembio merged into a larger company. (ECF No. 6 ("Complaint").) Before the Court is Defendants' motion to dismiss the Complaint. (ECF No. 17 ("Motion").)[1] Because Plaintiff's Complaint does not comply with Federal Rule of Civil Procedure 8, and as further explained below, the Court will grant the Motion. But the Court will grant Plaintiff an opportunity to file an amended complaint within 30 days.

**II.    BACKGROUND**

Defendants submitted some documents filed with the Securities and Exchange Commission ("SEC") on Chembio's behalf and some documents filed in *Sholom Keller v. Chembio Diagnostics, et al.*, Case No. 1:23-cv-01388-PAC (S.D.N.Y. Filed Feb. 17, 2023) ("*Keller*") with their Motion—specifically attached to an accompanying declaration. (ECF

---

[1]Plaintiff responded (ECF No. 20), and Defendants replied (ECF No. 21).

No. 18.) Defendants argued in their Motion that the Court may consider these documents in ruling on the Motion without converting it to one for summary judgment under the incorporation by reference doctrine. (ECF No. 17 at 9 n.2.) Defendants argue in their reply that the Court may take judicial notice of certain facts not subject to reasonable dispute from these documents. (ECF No. 21 at 3.) The Court takes judicial notice of the facts described below and taken from these documents, as they all come from publicly available sources not subject to reasonable dispute, specifically SEC filings, and filings in the *Keller* case filed in the United States District Court for the Southern District of New York. *See Ferris v. Wynn Resorts Ltd.*, 462 F. Supp. 3d 1101, 1117 (D. Nev. 2020) (taking judicial notice "of SEC filings, [and] matters of public record" including documents filed in other federal courts). Though some facts described below are taken from the Complaint.

Chembio decided to sell itself to another company called Biosynex SA, Inc. in 2022. (ECF No. 6 at 15.) In early 2023, Chembio announced the sale, "under which Biosynex, through a subsidiary, would acquire Chembio pursuant to a tender offer for the purchase of all issued and outstanding Chembio shares at a price of $0.45 per share (the "Tender Offer")." (ECF No. 17 at 9 (citing ECF No. 6 at 2-3, 15).) Shortly after this announcement, Chembio filed a Tender Offer Statement with the SEC, along with a Schedule 14D-9 Solicitation/Recommendation Statement ("Recommendation Statement"), in which it recommended to Chembio stockholders that they tender their shares under the Tender Offer and explained why Chembio's Board of Directors had decided to go through with the sale. (ECF No. 6 at 3; *see also* ECF Nos. 18-1 (Tender Offer Statement), 18-2 (Recommendation Statement).)

The *Keller* case was filed on February 17, 2023, shortly after Chembio filed the Recommendation Statement with the SEC. (ECF No. 18-4 (*Keller* complaint).) The *Keller* plaintiffs alleged in their complaint that the Recommendation Statement was false and misleading because it was missing key details about financial projections mentioned in it, the financial projections mentioned in it were likely inaccurate, it was missing key details about the makeup and power of something referred to as the Strategic Committee, and

the fairness opinion of an outside financial advisor called Craig-Hallum also referenced in the Recommendation Statement was misleading. (*Id.* at 9-16.)

On March 1, 2023, Chembio voluntarily amended and supplemented the Recommendation Statement by filing an Amended Recommendation Statement with the SEC. (ECF No. 18-5.)

On May 18, 2023, the *Keller* plaintiffs voluntarily dismissed their lawsuit. (ECF No. 18-6.)

Meanwhile, Plaintiff filed this case on March 8, 2023. (ECF No. 1-1.) As further explained below, Plaintiff copied many of the allegations from the *Keller* complaint into his Complaint, but also included other allegations that appear to primarily consist of questions he would have liked Chembio to answer before he decided whether to agree to the Tender Offer as an individual shareholder. (ECF No. 6.)

Chembio did not pause the merger because of this lawsuit. Biosynex completed its acquisition of Chembio on April 27, 2023. (ECF No. 18-3 at 2.) "At the effective time of the Merger, each share of Common Stock (except for shares that were validly tendered and irrevocably accepted for purchase pursuant to the Offer or held by the Company as treasury shares, owned by a wholly-owned Company subsidiary or held by Biosynex or its subsidiaries) was converted into the right to receive $0.45 per share, net to the holder in cash, without interest but subject to any applicable tax withholding." (*Id.* at 7.)

Defendants filed the pending Motion in November 2023. (ECF No. 17.)

**III.   DISCUSSION**

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8(a) notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555. (internal quotation marks and citation omitted). Moreover, the notice pleading requirements of Rule 8(a) can be violated not only "when a pleading says too little," but also "when a pleading says too much." *Knapp v. Hogan*, 738 F.3d

1106, 1109 (9th Cir. 2013) (first citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held–and we know of no authority supporting the proposition–that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citations omitted), then citing *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming a dismissal under Rule 8, and stating that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges")). And although a *pro se* complaint is subject to a liberal construction, "even a pro se complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the basis for the cause of action[.]" *See In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 94 F.R.D. 105, 108 (D. Nev. 1982) (citations omitted).

Plaintiff's Complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As Defendants argue in their Motion (ECF No. 17 at 19-21), it is overlong and hard to follow, consisting largely of block quotes from what appear to be the transcripts of earnings conference calls, lists of rhetorical questions, and sections copied-and-pasted from the *Keller* complaint. Plaintiff's Complaint is a good example of a "pleading that says too much." *Knapp*, 738 F.3d at 1109. It does not reasonably inform Defendants of the bases for the causes of action asserted in it. *See Santa Barbara*, 94 F.R.D. at 108. And as Defendants also point out (ECF No. 17 at 20), rhetorical questions are not "short, plain, and direct factual allegation[s]." *Herndon v. Byers*, Case No. 622CV06031SOHMEF, 2023 WL 2940243, at *3 (W.D. Ark. Mar. 22, 2023), *report and recommendation adopted*, Case No. 6:22-CV-6031, 2023 WL 2934963 (W.D. Ark. Apr. 13, 2023). In sum, the Court must dismiss the Complaint because it does not satisfy Rule 8.

In addition, and alternatively, Defendants' other arguments in their Motion are well taken. First, to the extent that Plaintiff's allegations regarding omissions from the Recommendation Statement are copied from the *Keller* complaint, those allegations appear moot because Chembio filed the Amended Recommendation Statement in

response to the *Keller* complaint, and then the *Keller* plaintiffs voluntarily dismissed their complaint. (ECF No. 17 at 17-19.) While Plaintiff argues that the *Keller* plaintiffs' voluntary dismissal does not render his case moot because the notice of voluntary dismissal does not specify any reasons for the dismissal (ECF No. 20 at 5), the Court agrees with Defendants that the sequence of events described above renders the inference Defendants ask the Court to draw plausible. And supplemental documents filed with the SEC can moot pending lawsuits filed to challenge statements made in the initial versions of those documents. *See, e.g.*, *Scott v. DST Sys., Inc.*, Case No. 1:18-CV-00286-RGA, 2019 WL 3997097, at *1 (D. Del. Aug. 23, 2019). Plaintiff should be mindful of this to the extent he seeks to include allegations from *Keller* in any amended complaint he files.

The Court also agrees with Defendants that Plaintiff's request for an injunction enjoining the merger is moot because the merger already happened. (ECF No. 17 at 22 (making the argument).) *See also Sawyer v. Pioneer Mill Co.*, 300 F.2d 200, 202 (9th Cir. 1962) (finding in part that an action to prevent the use of certain documents at a meeting where a merger could be approved was moot because the merger had already happened). And it is also true that rescission of a merger that has already happened is an "extraordinary equitable remedy" that cannot be earned by showing mere technical violations of federal securities laws. *W. Dist. Council of Lumber Prod. & Indus. Workers v. Louisiana Pac. Corp.*, 892 F.2d 1412, 1418 (9th Cir. 1989). Thus, it seems unlikely to the Court that Plaintiff can successfully amend his claims.

But the Court will give Plaintiff an opportunity to amend. To start, Plaintiff's claims appear somewhat distinct from those in *Keller*. He appears to basically allege that he did not have enough time, and was not given enough information, to decide whether to accept the Tender Offer made as part of Chembio's acquisition—particularly given the fact that Chembio's business is dependent on approvals from regulatory agencies. (*See, e.g.*, ECF No. 6 at 25-26, 33 (asking questions about why Chembio made business decisions given responses from regulatory agencies).) These sorts of allegations are not present in the *Keller* complaint. (ECF No. 18-4 at 9-16.) And he seeks damages stemming from the

merger, not just to block or rescind the merger. (ECF No. 6 at 87-88.) Thus, the Court cannot say amendment would be futile because these aspects of his claims may not be moot. Further, at least in his response to the Motion, Plaintiff argues that he suffered monetary losses because of the merger. (ECF No. 20 at 3.) Facts raised for the first time in a plaintiff's opposition papers should be considered by the Court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001). And Plaintiff has not previously amended his Complaint. For all these reasons, the Court will grant Plaintiff the opportunity to file an amended complaint within 30 days.

That said, the Court cautions Plaintiff that Plaintiff did not properly serve his Complaint for the reasons Defendants articulate in their Motion. (ECF No. 17 at 26-28.) Thus, if he chooses to file an amended complaint, he must properly serve copies of the amended complaint and summons on all Defendants in compliance with Fed. R. Civ. P. 4.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 17) is granted.

It is further ordered that Plaintiff's Complaint (ECF No. 6) is dismissed, in its entirety, as specified herein.

It is further ordered that Plaintiff must file any amended complaint consistent with this order by July 8, 2024.

It is further ordered that Plaintiff must properly serve any amended complaint on all Defendants in compliance with Fed. R. Civ. P. 4.

///

///

It is further ordered that, if Plaintiff does not timely file an amended complaint consistent with this order, the Court may dismiss this case with prejudice and without further advance notice to Plaintiff.

DATED THIS 5th Day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE